## LARPENTEUR .V. WILLIAMS.

Though H. was authorized to make the written agreement for sale to plaintiff of defendant's land, and properly received the money and notes provided thereby, plaintiff having paid the notes to the indorsee thereof, and seeking to recover $100 of defendant on the ground that H. had made an oral agreement to accept that amout of a debtor of plaintiff as payment on one of the notes, has the burden of showing that H. had authority from defendant to and did receive the $100; the receipt by defendant of the cash payment and notes provided by the written contract being no ratification of the oral agreement as to the $100.

(Opinion filed January 18, 1900.)

Appeal from circuit court, Brookings county. Hon. JULIAN BENNETT, Judge.

Action by Albert C. Larpenteur against George A. Willians to recover back a part payment on a promissory note. Judgment for defendant. Plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*Cheever & Hall* for Appellant. ·

An agent has such authority as the principal actually or ostensibly confers upon him and when one holds another out to the world and accredits him as his agent, in determining the liability of the principal, the question is not what authority was intended to be given to the agent but what authority were third persons dealing with him justified from the acts of the principal in believing was given to him. Aldrich v. Wilmarth, 3 S. D. 523; Griggs v. Seldon, 58 Vt. 561; Watch v. Ins. Co. 73 N. Y. 5; 1 Am. & Eng. Enc. of Law, 2nd Ed. 962-964; Comp. Laws §§ 3965, 3972, 3906, 3980; McLaughlin v. Wheeler, 47 N. W. 816; Reed v. Kellogg, 67 N. W. 687.

There was a complete ratification of the agent's acts by his principal. A principal must ratify an agent's acts in whole and not in part. Union Trust Co. v. Phillips, 63 N. W. 903; Wyckoff v. Johnson, 58 N. W. 837; 1 Am. & Eng. Enc. of Law 1192; Comp Laws § 3973; Singer Mfg. Co, v. Flynn, 65 N. W. 923; Express Co. v. Rissen, 6 N. E. 337; Miles v. Ogden, 12 N. W. 81; Elwill v. Chamberlain, 31 N. Y. 611; Bacon v. Johnson, 22 N. W. 276; Maddux v. Beavin, 39 Me. 485; Pitts v. Shubert, 30 Am. D c. 718; Bryant v. Moore, 26 Maine 84; 1 Lawsons Rights Rem. &. Proc. 44-46; Bank v. Bank, 68 N. W. 488.

The rule of voluntary payment is only applicable to cases where such payment is made knowingly upon some legal or moral obligation in the absence of mistake or fraud or misrepresentation. 18 Am. & Eng. Enc. of Law 225-228. When money is paid under mistake of fact it may be recovered. 18 Am. & Eng. Ency. of Law, 225-226. If a party acts on the misrepresentations of another he may recover for payments made under mistake of law. Whilm's · Appeal, 70 Pa. St.

410; Bank v. Bank, 3 Mass. 74; Caldwell v. Maxwell, 64 N.
W. 166; Ind. v. McAvoy, 86 Ind. 587; Mya v. Schinne-
barger, 17 Mo. App. 66; Dobson v. Winner, 26 Mo. App. 329;
Lawrence v. Bank, 54 N. Y. 432; Mayor v. Mayor, 63 N. Y.
455; Alston v. Richardson 51 Tex. 1.

*John C. Jenkins,* for respondent.

Authority to sell property as agent and take a note in pay-
ment in name of the principal, does not of itself include author-
ity to recover payments of the note.   Draper v. Rice, 7 N. W.
560.  Agency cannot be proven by the agents declarations.  Gor-
don v. Loan Co., 71 N. W. 556; Loverin Brown Co. v. Bank,
75 N. W. 923.   One dealing with an agent must ascertain at his
peril  the  existence of the agency and the scope of authority.
Fargo v. Cravens, 9 S. D. 646; Elbs v. Wait, 4 S. D. 454; Kirby
v. Scraper Co., 9 S. D. 625.   Actual or ostensible authority to
collect  a note  does  not carry with it authority to accept any-
thing but cash in payment.   Furniture Co. v. Mason, 3 S. D.
147; Toy Co. v. Ins. Co., 3 S. D. 205; 6 Ency of Pl. & Pr.  686;
Bronze Co. v. Portrey, 70 N. W. 383; Moore v. Pollock,  70  N.
W. 541; Richards v. Walker, 68 N. W. 1053; Rogers  v.  Peck-
ham, 52 Pac. 483; Campbell v. O'Connor, 76 N. W. 167.

It is not the attempting to recover or return the benefit  of
the act with notice thereof that constitutes ratification but it is
the  actual  accepting  or  retaining  the benefit of the act with
notice thereof.   Comp. Laws § 3972; Fargo v. Cravens, 9 S. D.
646; Gilman  v.  Norton,  56 N. W. 663; Osborne v. Klim, 25 N.
W. 360.

Since plaintiff bases his right to a recovery upon  the  fact
that after partial payment defendant transferred the note to an
innocent  purchaser  to whom plaintiff again  became liable to

pay the note in full, he must establish this subsequent liability and that such purchaser was an indorsee in due course. The note was payable to defendants order and it was necessary to a recovery to establish actual endorsement by him. Vickery v. Burton, 69 N. W. 193; Trust Co. v. Twitchell, 75 N. W. 786; 4 Am. & Eng. Enc. of Law, 252, 230, 311; Grant v. Clark, 78 N. W. 364; Schroeder v. Neilson, 57 N. W. 995; Johnson v. English, 74 N. W. 47; Levy v. Cunningham, 76 N. W. 882; Comstock v. Kerwin, 77 N. W. 387.

CORSON, J. This is is an action to recover the sum of $100 alleged to have been paid by the plaintiff to one O'Hora, as the agent of the defendant, in part payment of a certain promissory note executed by the plaintiff to the defendant in September, 1897. Verdict was directed by the circuit court in favor of the defendant, and from the judgment entered thereon and order denying a new trial the plaintiff appeals to this court.

It is claimed by the plaintiff in his complaint that the $100 paid to O'Hora as the agent of the defendant was not indorsed upon a certain promissory note, as O'Hora agreed should be done, and that by reason of the indorsements of this note to an innocent purchaser before due he was compelled to pay the note in full. The defendant denied that O'Hora was authorized to receive the $100 claimed to have been paid him by the plaintiff as the agent of the defendant. The transaction out of which this claim arises is thus stated, in substance, by the plaintiff in his deposition read on the trial: The plaintiff, who was a resident of Minneapolis, Minn., first met O'Hora in Elkton, S. D., about August 10, 1897, at which time O'Hora represented to

the plaintiff that he was agent for the sale of a quarter section of land situated in Brookings county. owned by the defendant, Williams; that while at Elkton he was introduced to the defendant, but had no talk with him about the property; that O'Hora took him out to look at the land. A few days after, O'Hora went to Minneapolis, and plaintiff made a trade with him to purchase the land, He agreed to pay him $300 in cash, two notes of $250 each, due on or before one and two years, and to turn over to him a livery stock valued at $1,100. A contract was made for the deed. O'Hora prepared and delivered the contract. The contract and notes were executed on the 6th of September, 1897, They also had an agreement in reference to the payment of $100 to be applied in part payment of the first note. This agreement was not in writing, and the $100 was not paid in money. Plaintiff had sold part of his livery stock to one Cross for $400. Cross was only able to pay plaintiff $300 in cash, and that $300 was paid over to O'Hora on the agreement, and for the remaining $100 due from Cross, which Cross was to pay to O'Hora, O'Hora agreed to give plaintiff credit on the first note, and thereupon gave the plaintiff the following receipt: ''Recd. of A. C. Larpenteur $100, to apply on note of Geo. A. Williams, due Nov. 1st, 1898. [Signed] J. B. O'Hora." He also gave to plaintiff a receipt for the $300 paid. Plaintiff further states that in April or May, 1898, he paid the two notes in full to the Kingsbury County Bank; that they were then claimed to be due by one C. E. Meader. The defendant, Williams, subsequently executed and delivered a deed to the plaintiff for the quarter section. On the trial three letters were offered in evidence on the part of the plaintiff, which, it is claimed by the plaintiff, constitute a

ratification by the defendant of the act of O'Hora in receiving the $100 to be applied upon the note.

The first letter was excluded on the ground that it was immaterial, incompetent, and did not prove or tend to prove, a ratification. The second letter, dated "Aurora, South Dakota, September 14, 1897," was not received by the plaintiff until some time after the 22d of September, 1897, it having been misdirected to St, Paul, and returned to the defendant. It is quiet clear that, when writen, the defendant did not fully understand what had been done by his agent at Minneapolis. The third letter, bearing date October 12, 1897, written, evidently, in reply to one received from the plaintiff, is so ambiguous and confused that it is exceedingly difficult to understand what the defendant really meant or intended by the letter. It is contended by the appellant that this letter is evidence of a ratification by the defendant of O'Hora's receipt of the $100, but we do not so construe the letter. We are of the opinion that there is not sufficient in the letter to have warranted a jury in finding therefrom that the defendant had ratified the act of O'Hora in receiving the $100 as an advance upon the note. It is quite clear from the evidence that the defendant, Williams, never received the $100 so paid to O'Hora by the plaintiff, and there is no evidence in the record showing that O'Hora collected the $100 from Cross. At the close of the evidence the defendant moved the court to direct a verdict in his favor, which motion was granted by the court upon the ground that the plaintiff had failed to prove a cause of action against the defendant. We are of the opinion that the motion to direct a verdict was properly granted. The burden was upon the plaintiff to show that O'Hora, as the agent of the defendant, was authorized to and did receive

the $100 in controversy. The plaintiff failed to prove that O'Hora was authorized to or did receive the $100 which Cross agreed to pay him, and which he (O'Hora) agreed to accept, and indorse upon one of the two notes received in payment for the property. It is not claimed by the appellant that the defendant received, or in any manner had the benefit of, the $100 in controversy. It may be assumed for the purposes of this case that O'Hora was authorized to make the written agreement testified to by the plaintiff, and that he properly received, under that contract, the $300 in cash, the two notes for $250 each, and the livery property, valued at $1,100, which were agreed to be paid by the plaintiff for the land purchased by him. The receipt, therefore, by the defendant, of the money, notes, and livery property, constituted no ratification of the oral agreement entered into between the plaintiff, Cross, and O'Hora relating to the $100 payment. Again, it does not affirmatively appear from the record that the plaintiff was compelled by any legal proceedings to pay the $100, which he claims to have paid a second time. So far as the evidence discloses, that second payment was entirely voluntary, and, had he chosen so to do, he could have defended himself against the notes to the extent of the $100 so paid to O'Hora, provided that O'Hora was authorized to make the arrangement which he did make in regard to that sum. We are further of the opinion that the exclusion of the letter of September 22, 1897, did not constitute reversible error, as a jury would not have been warranted in finding any ratification of the act of O'Hora from that letter. We are also of the opinion that the objection to the testimony of the plaintiff that O'Hora represented himself as the defendant's agent, claiming he had power of attorney to make the

trade, was properly sustained, and the evidence excluded.　We have not deemed it necessary to insert the letters written by the defendant to the plaintiff, or to insert extracts therefrom, as the insertion of such letters would subserve no useful purpose.　The judgment and order denying a new trial are affirmed.